## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert E. Snider and Kevin Krolczyk, as Trustees of the Roofers Local No. 96 Annuity, Health and Welfare, and Vacation Funds; and Robert M. Dalsin and James A. Hadel, as Trustees of National Roofing Industry Pension Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>Aduddel Roofing & Sheet Metal, Inc., a foreign corporation qualified to do business in the State of Minnesota, d/b/a Aduddell Industries, Inc.,<br><br>Defendant. | Civil File Number: 09-cv-69 DSD/SRN<br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER** |

Rosene, Haugrud & Staab, Chartered, by STEPHEN C. KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No one appeared for Defendant.

This matter came on for hearing before the Court on April 17, 2009, on Plaintiffs' motion for an Injunction. Upon all files, records and proceedings herein, the Court makes the following:

### FINDINGS OF FACT

1. On February 23, 2009, the Court entered default against Defendant.

2. Defendant is signatory to the Articles of Agreement between the Twin Cities Roofing Contractors Association and the United Union of Roofers, Waterproofers and Allied Workers Local Union No. 96, effective June 11, 2002 through April 30, 2007 ("the Articles of Agreement").

3. Defendant has not abrogated the Articles of Agreement pursuant to the terms thereof or 29 U.S.C. §158 (d).

4. Pursuant to the above-referenced Articles of Agreement, Defendant is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

5. Plaintiffs' TPA conducts periodic fringe benefit payroll audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

6. That Plaintiffs face irreparable harm from Defendant's delinquency because it has a continuing obligation to provide benefits regardless of whether Defendant submits the fringe benefit contribution payments.

7. That Plaintiffs' continuing harm outweighs any prejudice to Defendant resulting from the issuance of an Injunction.

8. That Plaintiffs have no adequate remedy at law as a result of its continuing obligation to provide such benefits.

9. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Articles of Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs are entitled to an Injunction.

2. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

## ORDER

1. Plaintiffs' motion for injunctive relief is granted, and Plaintiffs are not required to provide security under Federal Rule 65(c).

Dated:  April 17, 2009            s/David S. Doty
                                                 DAVID S. DOTY
                                                 United States District Judge